Code. Mr. Niles, please proceed. Thank you, Your Honor, and may it please the Court. This appeal raises the question of how the Department of Veterans Affairs must rate a SCAR's multiple functional effects. And the answer resides in 38 CFR section 425, which requires VA to rate separately each disability that a veteran has. VA's Schedule for Rating Disabilities provides further guidance on how VA must evaluate SCAR's functional effects with the relevant diagnostic codes being 7804 and 7805. 7804 requiring VA to rate as 10% disabling a SCAR that is painful and 7805 speaking to a SCAR's quote-unquote other effects. And Diagnostic Code 7805 operates a bit differently than most of the diagnostic codes in the rating schedule. Instead of listing out its own specific rating criteria, what it does is it requires VA to rate a SCAR's other effects by analogy to whatever particular diagnostic code speaks in turn to that kind of effect. And so here, Mr. D'Amico has it. Mr. Niles, this is Judge Probst. Sorry to interrupt, but time is limited. So you haven't mentioned 38 CFR 4.14. So I think it's the government's view and it was the court below that you're precluded from the stacking. So tell me precisely why you think this is an exception to that or different than what was intended or contemplated by 4.14. Yes, Your Honor. The government's view in this case respectfully turns everything on its head, where the correct analysis begins with the particular diagnostic codes. And here you have a compensable rating for a painful SCAR. You have 7805, the plain text of which says other, other effects, other meaning different. And so the correct view then is that with that plain text of the regulation, the way the Secretary has drafted this up, there is no set of circumstances in which a disability that is rated under 7805 can be the same. I didn't understand 7805 to be implicated here. There's no other effect of the SCAR that was evaluated under the diagnostic code, was it? I'm obviously misunderstanding something. Oh, I'm sorry, Your Honor. And this may be a shortcoming of the board's decision itself, the Board of Veterans' Appeals' decision. I would direct Your Honor to, I'll start broadly with Appendix 27 to 32, which is the section of the board's decision where it is addressing this entitlement to rating for SCAR's functional effects. And Appendix 28, the board that is acknowledges 7804 and then says that if there is other limitation of function, the SCAR should be rated on that limitation pursuant to 7805. The board then goes through the evidence. But I'm sorry, I definitely want you to answer Judge Proulx's question, but what I'm confused about is I thought that the board didn't rate this under 7805, but rather rated it under 8726. So, Your Honor, it's important to keep in mind that 7805 acts as a gateway. And so in Appendix 28, the board is doing what it should and it's saying here are the diagnostic codes that are potentially applicable here, 7804, and here's 7805. And 7805 requires the board then to rate by analogy this other impairment. And so then at Appendix 31, this is where the board does this. And at the second to last paragraph on the page, which I have starting as the board finds, it addresses here 7801 and 7804. The second to last line of this paragraph says it is a painful SCAR. However, the SCAR is already being rated under code 7804. And then the does what it's supposed to do mostly, where it turns and it does not here mention 7805, but that has to be what the board is doing. That is what the regulation requires. Why? Wait, why does it have to be 7805? Why can't the board change its diagnosis from 7804, the diagnostic code, to 8726? For the board to have done that, it would have to have said essentially that for the 15 years preceding that board decision, VA had been wrong all along in rating this disability as a SCAR at all. It would have had to have said that this is nerve involvement and only nerve involvement. Instead, the paragraph I just read from said this is a painful SCAR. Everything here ties to the SCAR, and it's the diagnostic codes that instruct VA how to rate SCARs that applies, 7804. And then there's other effects, this nerve involvement, because this is a SCAR with nerve involvement, 7805. And then the board opening up and through that gateway rating by analogy to femoral nerve neuralgia, the rating code for that being 8726. So what is it you're asking? This is Judge Proust again. I'm confused about what you want. I mean, you look seeking reimbursement under 7805 and 8726? Are those the two categories you're trying to get? Your Honor, I think that the best way to, if I were to write this up, would be section 425 requires rating separately each disability. The board recognized this continued 7804 disability, the painful SCAR itself. The board also recognized this distinct effect of the SCAR, of nerve involvement, which is to be rated under, and was rated under 7805 by analogy to 8726. Where the board went wrong, what the board should have done is then returned to 425 and combined the 20% rating under 7805 with the 10% rating under 7804 to get a rating of 28%. And so that is the relief that Mr. D'Amico is requesting. I'm sorry. Say that again. I thought we were talking about 10 and 20, which don't, in my mind, add up to 28. I understand, sir. It's VA math. So VA, what it does instead of adding percentages together, it combines them. And to take a step back, what VA is looking at is how much does each additional disability in this multi-disability context. Well, you said each additional disability, but my confusion is the VA said this could be rated under 7804, but that would only give him 10%, or it could be rated under 8726 and we can give him 20%. So resolving all doubt in favor of the veteran, we're going to rate his pain and process in a way that is laudable. They gave him the higher rating under all the circumstances. I don't see them ever talk about 7805. So I don't know where you're getting that from. If it's okay with this court, I will answer this question and then return to Judge Torontos. In answer to this question, diagnostic code 7804 is for a painful scar itself. It is limited to a painful scar itself. Anything that goes beyond a painful scar itself is a separate functional impairment that VA must, under 425, rate separately and then combine for this higher overall rating. And you have the board at Appendix 31 saying, you have this painful scar itself. You have all along. We're not disturbing that. Additionally, you have this nerve involvement. And that additionally, this scar with nerve involvement means that there are two separate rateable disabilities here. And so the board's duty under 7805 and 425 was then to assign that 20% rating by analogy to 8726 and combine them. Can I just ask you, why don't you finish your answer to Judge Toronto and then I'll ask you mine. Do you feel like you owe him an answer? I'll return to this question. The combination works as follows. VA is looking at how much each disability impairs efficiency. And so you start with the higher rated disability here, 20%. That leaves the veteran 80% efficient. And so what the VA does next is to take that second rating 10% and apply it to the 80%. And so 10% of 80% being 8% and you get the 28%. Okay. Thanks. Okay. So my question is, you're treating them as separate kind of things. There's pain in the scar and then the scars other effects. And it seems the problem for you is each of the board's ratings was for the same disabling effect or condition. Each rating was assigned on the basis of the same scar pain and discomfort. Do we have jurisdiction to change up and second guess and reevaluate that evaluation? Your Honor, I appreciate the opportunity to respond to that concern. I believe what your Honor is referring to is page appendix 32. The board does state that this is same scar pain and discomfort. But again, Mr. D'Amico asked this review that passage in the light of the broader context here, where the board has already said, yes, there is this painful scar and disability or effect number one, we'll call it. And also there's this nerve involvement that it discusses at the bottom paragraph of page appendix 31. So this second functional effect of the scar and then given these two distinct effects, what do I as the veterans law judge do with that? And what the board's analysis at appendix 32 is predicated on is this misreading of 7804 and 7805 as permitting overlap, when in fact they are mutually exclusive. The way these are written, you always must have the one scar functional effect in the one hand and entirely on the second hand, the other. And so what the board did was proceed. The legal question you're raising before us is to construe 7804 and 7805. As mutually exclusive, your Honor, and as a consequence of that, barring application of the same disability. So this is a case where 425 applies. Because it's this diagnostic code, 7804 and 7805, saying these are mutually exclusive, they're different. And so they should be combined. In fact, they must be combined. Again, let me go back. Your entire case is predicated on what you believe is a board inaccurate construction of what happens when they have both a rating under 7804 and 7805. If I don't agree with you, there's a rating under 7805 at all. Does your whole case just go away? Yes, your Honor, I think it does. But I would urge your Honor that reading the board decision as a whole, where it starts with Appendix 28, going through 7801 through 7805, this entire discussion here is of a star and how to rate a star. That the board was following the law going under, going through this gateway of 7805, exactly as it had to do. It's unfortunate that at Appendix 31, the board did not mention 7805 again. But that is the analysis the board did. That was my question to you. I can't find where the board mentioned 7805. Maybe I'm just missing something. Any other place but the one we spoke about earlier in Appendix 28. Am I missing some discussion of 7805? Well, no, your Honor, but that is a key passage. This is the passage of the board's decision where it goes through and says, these are the potentially applicable diagnostic codes. This is what frames my analysis and everything that proceeds is going to be within that framework. And so the board is addressing, again, the star. This 7804 says this is a painful star. But if you're making, if your argument here is so predicated and intertwined with an evaluation of 7805, I'm not seeing that presentation to the board or the court below or an analysis of theirs that we have to review. Your Honor, I would direct the court's attention to Appendix 63, where Mr. D'Amico argued in his initial brief to the Veterans Court that the board failed to discuss the implication of DC's 7804 and 7805, which allows for separate ratings for painful scars under DC's 7804 and any disabling effects not considered in a rating provided under diagnostic codes 7800 to 7804. In that last piece, they're speaking then of 7805. There's also Appendix of page 77 now into Mr. D'Amico's reply brief to the Veterans Court, where he's reiterating that, as argued in his opening brief, scars and nerve injuries necessarily contemplate different disabilities, and that he is entitled to two ratings for these two disabilities. I see that I am in the middle of some time. Okay. Well, don't worry. We'll restore your rebuttal time. Don't worry. But my problem is this, what you're arguing now, he's entitled to two ratings and he didn't get them, is a factual question that we have no authority to review. And you directed us to page 63. Look at page 62. You state in your brief, the board changed the rating code from 7804 to 8726. Your statement of the facts is that there was a single rating code. They changed it and made it 8726. What you're now arguing to us is he should have been rated under 7804 and 7805. And even if I were to agree with you, I can't reach that. That's a fact question. Your Honor, to respond to that, the type of change matters. And this gets into whether this change was a correction or not. And so this whole, what we refer to as post hoc rationalization of, is the board going back and saying the prior 15 years, we've always been wrong about this. And I would submit, no, that is not what the board is doing here. What the board does instead is just flat misinterpret 7804 and 7805 as permitting overlap, when by their plain terms, they do not. And to the extent there is a factual mistake that is downstream from that, if you will, it is the predicate legal error of which we seek reversal, the factual finding, if any. And again, I do not think there is a factual finding here. I see the board in appendix 31 as having said, number one, there is this painful scar itself. Number two, there is this mere involvement in the question. And appendix 32 is, what does the law require that I now do with this? I mean, this is a veterans law judge that's at Plain Texas trying to maximize Mr. D'Amico's rating. And just misunderstanding that these two diagnostic codes are mutually exclusive and do permit, in fact, 425 commands, this combination of the two. It's a question of whether diagnostic codes are mutually exclusive. Is that a legal question or a factual question? It is a legal question, Your Honor. The diagnostic codes reside in federal regulation. This is an interpretation of federal regulation, which is an issue of law. I would be happy to address any further questions the panel has. Thank you, Mr. Niles. I'll restore some of your rebuttal time. We're going to hear from Mr. Hellman. Hold on a sec while they move stuff around, please, Mr. Hellman. Good morning, Your Honors, and may it please the Court. This case is a straightforward application of the diagnostic codes. And just to step back and trace through what happened. Initially, Mr. D'Amico, who has one scar, which results in the painful and discomforting condition, was given a rating of 7805 with a zero percent, a non-compensable rating. 7805 or 7804? Initially, 7805, Your Honor. Okay. The VA revised the rating based on the painful nature of the scar under 7804 to give him a 10% disability rating. I'm sorry. The initial 7805 was a zero percent rating? Yes, that's correct. And that is at Appendix 46 is the initial zero percent non-compensable rating at Appendix 45. And was the issue there pain? Yes, the issue was upon examination. He described his pain and discomfort. The VA in 1999 rated him at 10% for scars painful. 7804, scars painful. Subsequently, the board gave him a rating by the neuralgia codes, the 8726, because the board, and this is at 31 of the appendix, there's a discussion about how the medical examiners both felt that there may be some nerve involvement that is causing manifestations of pain and discomfort. They weren't sure that there was nerve involvement. They said that there may be some, and that's why the rating was by for the neurology of the femoral nerve. Let me just ask you this question, and it's not going to be very well formulated, but is there some, how does the board get to rating by analogy? Is there a regulation that says always choose from all the diagnostic codes, the ones that are either directly on point or by analogy, and you can even choose the ones that are by analogy if there's one that's directly on point, but you don't have to mention the directly on point one. Like, I think one way of describing Mr. Niles's argument is, no, it can't do that. If there's one directly on point, it has to use that, and that's 7805, and then inform how to apply it by analogy. So, I want to address your broad question, and then I want to address the specific argument that I think Mr. Niles is making, because they're different things, and so if there is a diagnostic code on point, the VA uses the diagnostic code on point. If there, but you know, these diagnostic codes cover conditions, conditions in the real world range, and there's different degrees, and so just like it has the power to do an extra scheduler rating, the VA has the ability to rate by analogy, and it does that. I don't have a specific regulation on hand, Your Honor, but the VA routinely does this, and it's uncontroverted. The problem, I think, with Mr. Niles's theory is that he claims that 7805 is directly on point, and therefore, he says that this is some sort of gateway to get to the rating by analogy. I guess what I was hearing was there's a SCAR problem. 7804 covers part of the SCAR problem. Still, though, there's another aspect to the SCAR problem, and that's what 7805 is about, other aspects of SCAR problems. That, that's not correct for a number of reasons. First, the 7804 talk, 7804 is down the line of SCAR problems, so there's, it starts with 7800, which is SCARs of the face and neck, but then, for instance, 7801 talks about SCARs in other areas that are deep or cause limited motion. So, if you've got a SCAR that impacts your motion, you're in 7801. Then there's SCARs that are of a certain size or area. There are SCARs that they... And the board runs through this. They're unstable, yes, so they come up and open up, and so that's a problem. Then there's SCARs that are painful, 7804. And then 7805 just says SCARs other rate on limitation of function of part. So, if you don't fit into any of the four, the 7801, 2, 3, 4 categories, and you still have a SCAR that's causing you some sort of issue, you could potentially get a rating under that. It doesn't mean that... I think what Mr. D'Amico and his counsel are trying to say is that, well, there's a SCAR that's painful, but there's also something else, and therefore, we get the benefit of both. But first of all, there is no something else. The only thing at cause by the SCAR. So, there's no limitation on function. There's no other thing that's being claimed. And I'll note that that's a factual determination, too, that this court doesn't review. But even if it were to review that... That may be more than just an I'll note. True. That's right. It's beyond this court's jurisdiction. But there is no allegation of anything beyond pain and discomfort here. The issue was that the pain and discomfort that was being... That was caused by the SCAR to Mr. D'Amico, the board felt wasn't adequately covered by the 10% rating. And so, the board thought that based on the medical exams, and this is at Appendix 30, the board quotes the examiner stating that the veteran likely sustained superficial nerve damage resulting in the painful SCAR. So, the board used that as a hook to look at rating Mr. D'Amico's SCAR by analogy to give him a higher rating. That doesn't mean that he now has... Why wouldn't it just be under SCAR Other? I mean, wouldn't SCAR Other include the nerve damage? No, because... And allow for a higher rating? It doesn't. It doesn't have a 10% under 7804, and there's no number next to 7805. What does that mean? It just... It means you have to... It says rate on limitation of function. So, if the limitation is severe, you would get a high rating. It doesn't... I think it's intended as sort of a... I don't want to use the word catch-all category, but it's intended as a category to capture things that don't fall into the prior diagnostic codes. Here, Mr. D'Amico did fall into 7804. No, the board changed it to 8726. So, he no longer was fully encapsulated by 7804. They changed it to 8726. If you're saying 7805 is to be interpreted as anything that doesn't fall... Involves a SCAR and doesn't fall into one of the others, why in the world wouldn't it be 7805? Because he's being rated by analogy under 8726. It's still the same SCAR and disability. Is it because it's still 7804 because it's still pain? So, it's not out of nothing going on with respect to 8726 dislodges the fact that the effect here is pain? The only effect here is pain, and the pain initially was being rated as pain from the SCAR. But you have to answer just first question, no, because 7804 only allows for a 10% rating. So, the board can't be currently giving him his 20% under 7804 because they're not allowed to do that. And they're not. They're giving it under 8726, and I want to make sure I'm not complicating this any more than it needs to be. The board is giving him a 20% rating for the pain caused by the skeletal SCAR injury under 8726. And that is a higher rating, and that is... Would it be right to say that there's no real dispute that... Or dispute is not right. The board didn't say that 7804 is inapplicable. It said it's applicable, but so is 8726. They are related in exactly the way the Pyramiding Regulation is addressed to, and we therefore won't give both, and we'll give the higher one. That doesn't mean the board has said 7804 is inapplicable, does it? Or did I just use language that, as Mr. Niles might say about VA language, it's VA language, not some other language. Well, I think you're correct, Judge Trontone. The board says that at Appendix 32. I think there's this notion that Mr. Niles introduces that it must be sort of arithmetic addition. You have one rating, then you have the other, and you add them up. The board essentially looks at his painful SCAR and says... But it invoked the Pyramiding Regulation, right? It did. Right. And so there must be something common about the two things, which I would assume would actually mean that when Pyramiding applies, the Pyramiding Regulation applies, one is not saying that one or the other doesn't actually apply. It's just not... You're not going to get the benefit of both. That's correct. He could have remained rated under the 7804, but it would have been limited to 10%. The board said that the pain and discomfort seems more than 10%. We're rating him by analogy, but we can't then combine this because it's the same disability. It's the same thing. It may not be relevant given the time period we're in now, but Mr. D'Amico argues that in 2008, the VA amended 7804 and 7805. Can you tell me how that amendment would affect things now? What is new 7805? The new 7805 would not have an effect, and the Veterans Court addressed that as well in its opinion. But the new 7805 says... It still says SCARs... It says other effects of SCARs under diagnostic codes, 7804 being one of them. It directs the VA to evaluate any disabling effects not considered in a rating provided under diagnostic codes 7800 through 7804 under an appropriate diagnostic code. But it's still... His problem is that he only has sort of the one effect, the pain and discomfort. The question is the extent of that pain and discomfort. He has some other limitation. I think that would be a very different case in there. 7805 and 7804 may interact in different ways, but that's not the case here. He just has the pain and discomfort, and the question before the board was whether it was adequately rating that pain and discomfort. It was limited under 7804, and it just rated by analogy. The result would be... On the same facts, the result would be the same under the new version of the regulations, Chief Judge Moore. Mr. Helman, can I ask you this question? Mr. Niles pointed to appendix page 63, which is page 12 of his brief to the Veterans Court where he did talk about 7805. Didn't use language of gateway, but he talked about 7805 and said the board missed the boat in not really attending to how 7804 and 7805 worked together. The appendix doesn't have your brief to the Veterans Court. What, if anything, did you say about that invocation of 7805 to the Veterans Court in response? You're right. The appendix does not have that, Judge Toronto, and I don't recall offhand what we said, but I think the reason we included these in the appendix is to indicate that Mr. D'Amico didn't challenge the pyramiding as it was applied by the board at the Veterans Court, and so he waived that argument. I didn't have a chance to address it before the panel, and I'm happy to go into our waiver argument if the panel would like to hear it. But I think Mr. D'Amico was attacking the factual predicate of the board's decision and didn't, it somehow didn't grapple with 7805, but the board didn't rate him under 7805, and so I imagine we probably pointed out the same in our response brief. And the heading under what we were looking at starting at page 62, the heading in his brief, is alternatively the board provided inadequate reasons and basis for not discussing whether service connection for his scar is protected and should have been retained. So it's a little unclear to me how that fits in with what we're talking about here. He made this argument, too, that his service connection was being severed under 7804, but as the Veterans Court explained, that's not the case under this court's Reid v. Shinseki precedent. I'm happy to address questions on that, too, if the court would prefer. But I think the mere mention of 7805 without any discussion of pyramiding in his opening brief to the Court of Veterans Claims suggests that he didn't preserve the issue below, and this court doesn't have jurisdiction to address it. Well, this court should not address it because of his way. If there are no further questions, we respectfully request that the decision below be referred. Thank you, Mr. Hellman. Mr. Niles has some rebuttal time. Mr. Niles, please proceed. Thank you, Your Honor. I need to begin by modifying my earlier response to Your Honor's question about if 8726 applies, are we done here? And I answered that too narrowly, assuming that we get to 8726 as if we were in a vacuum. And my modification is that VA does have a duty to maximize benefits. And so if the court agrees that there is an avenue through which grading Mr. D'Amico's multiple functional effects of his scar through 7804 and 7805 would maximize that his benefits there being 28% versus 20% under 8726, VA did have a duty to do that. I also do want to speak very briefly to what pain is at issue or what these separate functional effects are because the board did address this and say this is a painful scar itself. You know, this line on the body of the scar tissue. And then also on Appendix 31, saying that the board will rate his pain and discomfort, going on the pain that 7804 contemplates in the area of his scar, not being limited to the scar itself. And so there are distinct effects here. And the question then as a matter of law is what to do about that. And unless the court has any further questions for me, that was all that I intended to clarify on rebuttal. And Mr. D'Amico would request that this court reverse the Veterans Decision. Thank you, Mr. Niles. Thank both counsel for their argument. This case is taken under submission.